# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF TENNESSEE
# COOKEVILLE DIVISION

JAMES A. MANIS, )
)
    **Plaintiff,** )
) No. 2:09-cv-00045
v. ) Judge Nixon
) Magistrate Judge Griffin
MICHAEL J. ASTRUE, **Commissioner** )
of Social Security, )
)
    **Defendant.** )

## ORDER

Pending before the Court is Plaintiff James A. Manis' Motion for Attorney Fees ("Plaintiff's Motion") (Doc. No. 29) with supporting Affidavit (Doc. No. 30) and other supporting documentation (Doc. Nos. 30-1, 30-2, 30-3, 30-4). Defendant Commissioner of Social Security has not filed a response to Plaintiff's Motion. According to Local Rule 7.01, this indicates that Defendant does not oppose Plaintiff's request.

On July 9, 2010, the Court entered an order reversing and remanding this cause to the Commissioner for further administrative proceedings. (Doc. No. 27.) Plaintiff's attorney avers in her Affidavit that, on remand, Defendant awarded past-due Social Security benefits to Plaintiff and his family. (Doc. No. 30 ¶ 7.) Filed with the Affidavit are copies of the Social Security Administration's ("SSA") Notices of Award to Plaintiff and his two children. (Doc. No. 30-2.) The Notices verify awards of past-due benefits in an amount totaling $64,158.00, from which the SSA withheld $16,039.50 in order to pay any approved attorney fees. (Doc. No. 30-2 at 2, 4, 6.) In her Affidavit, Plaintiff's attorney states that she has been paid $6,986.50 in fees by the SSA to date. (Doc. No. 30 ¶ 8.) Plaintiff now seeks an award of attorney fees under 42 U.S.C. § 406(b) in the

1

amount of $6,525.00. (Doc. No. 29.) Under § 406(b), a court may grant reasonable attorney fees out of past-due benefits up to 25% of the total past-due benefits to which the claimant is entitled.

The Court finds Plaintiff's request to be reasonable. Plaintiff's attorney concedes that the Court previously granted Plaintiff attorney fees under the Equal Access to Justice Act (EAJA) in the amount of $2,587.50 (Doc. No. 27). (Doc. No. 30 ¶ 10.) Normally, attorneys may not collect both EAJA fees and § 406(b) fees in the same case, and "in the situation of dual entitlement, the attorney must refund the amount of the smaller fee to the claimant." *Jankovich v. Bowen*, 868 F.2d 867, 871 n.1 (6th Cir. 1989). In this case, however, Plaintiff, rather than his attorney, received the benefit of the EAJA fees, because the full amount was intercepted to pay Plaintiff's past-due child support. (Doc. No. 30-4.) Plaintiff's attorney will not, therefore, collect both attorney fees, and need not refund the EAJA fees to Plaintiff. Accordingly, the Court hereby **GRANTS** Plaintiff's Motion, and awards $6,525.00 to be paid to Plaintiff's counsel.

It is so ORDERED.

Entered this the ___14th___ day of July, 2011.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT